USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/6/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
AMERICAN STEAMSHIP OWNERS MUTUAL                                        :
PROTECTION AND INDEMNITY ASSOCIATION,                                   :           11 Civ. 6804 (PAE)
INC.,                                                                   :
                                                                        :
                                  Plaintiff,                            :           ORDER AND OPINION
        -v-                                                             :
                                                                        :
THE AMERICAN BOAT COMPANY, LLC,                                         :
                                                                        :
                                  Defendant.                            :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On November 11, 2011, defendant the American Boat Company (hereinafter, "ABC") filed a motion to dismiss this action for lack of personal jurisdiction and improper venue. Plaintiff (hereinafter, "American Club"[1]) filed its opposition to ABC's motion on December 9, 2011, to which ABC replied on December 16, 2011. American Club now seeks leave to file a sur-reply. For the reasons discussed in this order and opinion, the request is granted.

This case is an admiralty and maritime action, in which American Club seeks a declaration that it is not obligated to indemnify or defend ABC in a state court action currently underway in Illinois. American Club is a New York company, with its principal place of business also located in New York. ABC is an Illinois company, with its principal place of business in Illinois. In its memorandum of law in support of its motion to dismiss, ABC argues that there is no basis for either general or specific jurisdiction in New York, and that New York is an improper venue under 28 U.S.C. § 1391(b). In its opposition papers, American Club argues

---

[1] In their papers, the parties refer to plaintiff as American Club. The Court follows this nomenclature.

that a forum selection clause in its rules establishes personal jurisdiction over ABC, as well as venue in the Southern District of New York. ABC, which had not addressed the forum selection clause in its moving papers, argues in its reply brief that the forum selection clause is inapplicable here because it applies only when members of American Club sue American Club, and ABC is a non-member sued *by* American Club. It is to these arguments which American Club seeks to respond by way of a sur-reply.

"[C]ourts have broad discretion to consider arguments in a sur-reply." *Newton v. City of New York*, 738 F. Supp. 2d 397, 417 n.11 (S.D.N.Y. 2010). This is particularly so when new arguments are put forth in a reply brief. *See, e.g., Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991). American Club's sur-reply brief provides a helpful response to ABC's arguments that the forum selection clause does not apply to it, as an additional assured, and that the forum selection clause only applies when American Club is sued, and it is to the parties' and the Court's benefit that it be filed.

Accordingly, plaintiff's motion for leave to file a sur-reply is hereby GRANTED. Exhibit A to plaintiff's memorandum of law in support of its motion for leave to file a sur-reply (an attachment to Dkt. 18) shall be treated as plaintiff's sur-reply.

SO ORDERED.

*Paul A. Engelmayer*
_____
Paul A. Engelmayer
United States District Judge

Dated: January 6, 2012
       New York, New York

2