UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

AMERICAN STEAMSHIP OWNERS MUTUAL          :
PROTECTION AND INDEMNITY ASSOCIATION,     :
INC.,                                     :              11 Civ. 6804 (PAE)
                                          :
                          Plaintiff,      :              OPINION AND ORDER
                                          :
              -v-                         :
                                          :
THE AMERICAN BOAT COMPANY, LLC,           :
                                          :
                          Defendant.      :
                                          :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

    In this action, plaintiff American Steamship Owners Mutual Protection and Indemnity

Association ("The Club") seeks declaratory relief as to its obligations to defendant American

Boat Company ("ABC") under a protection and indemnification insurance policy with respect to

which ABC is an "Additional Assured." This decision addresses a motion by ABC, pursuant to

28 U.S.C. § 1404(a), to transfer venue to the United States District Court for the Southern

District of Illinois. For the reasons that follow, the Court denies that motion.

I.      **Background**[1]

        A.  **ABC's Status as an Additional Assured**

        The Club is a member-operated, non-profit mutual insurance company. It furnishes

protection and indemnity insurance coverage to shipowners and charterers for payments made on

account of liabilities to third parties in the course of members' commercial operations. During

---

[1] Except as otherwise indicated, the facts set out as background to this dispute are undisputed, based on the submissions of the parties and accompanying exhibits. Additional background to this dispute is set out in this Court's decision of February 17, 2012, denying ABC's motion to dismiss on grounds of a lack of personal jurisdiction and improper venue. (Dkt. 22).

the policy year relevant here – February 20, 2009 through February 20, 2010 ("the 2009-2010 policy year") – non-party American Tugs, Inc. ("American Tugs") was a shipowner insured by The Club as a member.  American Tugs' membership was reflected in a Certificate of Entry that The Club issued to American Tugs.  The Certificate of Entry, in turn, states that it is subject to The Club's bylaws and rules.

At issue in this case are The Club's obligations to ABC.  ABC is not a member of The Club.  However, at American Tugs' request, ABC was named on American Tugs' Certificate of Entry as an Additional Assured for the 2009-2010 policy year.  ABC was added because, during that policy year, one of American Tugs' vessels that had been entered with The Club, the tug *Alejandro*, was located at ABC's shipyard facility along the Mississippi River in Alton, Illinois. It had been transported there by American Tugs for the purpose of undergoing rebuilding and refinishing.  Neither American Tugs nor ABC paid any additional premium or other consideration in exchange for The Club's agreement to add ABC as an additional assured.

The Certificate of Entry naming ABC as an additional assured includes a "Misdirected Arrow" clause.  That clause limits the coverage provided to ABC by The Club.  It is central to this dispute.  It provides:

> Notwithstanding the fact that Companies listed above are hereby named as Additional Assureds in this Certificate of Entry, the cover of the Association will only extend insofar as they may be found liable to pay in the first instance for loss or damage which is properly the responsibility of American Tugs, Inc., and nothing herein contained shall be construed as extending cover in respect of any amount which would not have been recoverable from the Association by American Tugs, Inc. had the claim in respect of such loss or damage been made or enforced against him.  Once the Association has made indemnification under such cover it shall not be under any further liability and shall not make any further payment to any person or company whatsoever, including American Tugs, Inc., in respect of that loss or damage.

### B.  The Perez-Mossetty Action in Illinois

On July 6, 2009, while the *Alejandro* was undergoing repairs at ABC's facility, Eduard Perez-Mossetty, a welder employed by American Tugs, sustained injuries.  He brought a personal injury action against American Tugs and ABC in the Circuit Court of the Third Judicial Circuit, in Madison County, Illinois.  *See Eduard Perez-Mossetty et al. v. American Tugs, Inc. et al.*, No. 10 L 1204 (Ill. Cir. Ct., 3d Cir.) ("the *Perez-Mossetty* action").  Perez-Mossetty's lawsuit asserted separate causes of action against American Tugs and ABC.

After the *Perez-Mossetty* action was commenced, ABC sent a series of letters requesting that American Tugs or its insurers, including The Club, indemnify it in the Illinois action.  The Club denied that request.  Instead, it filed this declaratory action.  It sought a declaration that, in light of the limitation language contained in the the Misdirected Arrow clause and the specific claims brought in the Illinois action, The Club's insurance policy does not provide any coverage to ABC in that action.

A separate action ("the limitations action") was filed by American Tugs in the Southern District of Illinois.  *See In re American Tugs, Inc.*, No. 3:10-cv-01020 (S.D. Ill.).  There, American Tugs seeks a judgment of no liability or to limit the amount of American Tugs' liability as to the value of the *Alejandro*.

### C.  Prior Proceedings in This Court

After this lawsuit was filed, ABC moved for dismissal, claiming that personal jurisdiction was lacking and that venue in this District was improper.  The Court heard oral argument on that motion.  On February 17, 2012, this Court issued an Opinion and Order denying the motion to dismiss.  It held that ABC, as an Additional Assured, was bound by a forum selection clause in The Club's rules, that provided that: "Any such suit against [The Club] and/or its agents shall be

3

brought in the United States District Court for the Southern District of New York"; the Court

further held that that clause established both personal jurisdiction and proper venue. (Dkt. 22).

Following denial of the motion to dismiss, the Court solicited the parties' views as to next

steps in the litigation. (Dkt. 22). ABC stated that it desired to move for a transfer of venue,

pursuant to 28 U.S.C. § 1404(a). The Club stated that it desired to move for summary judgment

on the ground that, as a matter of law, the coverage provided by The Club to ABC as an

Additional Assured does not apply to the claims made by Perez-Mossetty against ABC. Neither

party indicated that discovery was needed as to either motion. The Court set a briefing schedule

for the two motions, under which briefing concluded on April 6, 2012. (Dkt. 24).

## II.    Discussion

In moving to transfer venue to the Southern District of Illinois, ABC argues that because

American Tugs' limitations action is pending in that District, consolidating this action with that

related action would "promote judicial efficiency" and avoid inconsistent outcomes. Def.'s

Venue Mot. 1.

Title 28, United States Code, § 1404(a) provides, in relevant part: "For the convenience

of parties and witnesses, in the interest of justice, a district court may transfer any civil action to

any other district or division where it might have been brought." A district court has broad

discretion whether to transfer venue. *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir.

1992). In deciding a motion to transfer, the Court conducts a two-pronged analysis: "whether

the action could have been brought in the transferee district and, if yes, whether transfer would

be an appropriate exercise of the Court's discretion." *Robertson v. Cartinhour*, No. 10-cv-8442,

2011 WL 5175597, at *3 (S.D.N.Y. Oct. 28, 2011).

4

As to the first prong, it is undisputed that The Club could have brought this declaratory judgment action in the Southern District of Illinois. Under 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Venue in the Southern District of Illinois is proper, because that is where the *Alejandro* was located when the underlying incident occurred. That District has subject matter jurisdiction over this matter, which was filed as an admiralty or maritime dispute. *See* Compl. ¶ 3; 28 U.S.C. § 1333(1) ("The district courts shall have original jurisdiction . . . of [a]ny civil case of admiralty or maritime jurisdiction."). Personal jurisdiction and venue are also proper in that District, because that is where ABC conducts its business, and it is a resident of that District. *See* 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in . . . a judicial district in which any defendant resides.").

As to the second prong, courts in the Second Circuit consider a number of factors when considering a motion to transfer venue. These include: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice. *Robertson*, 2011 WL 5175597, at *4; *Kreinberg v. Dow Chemical Co.*, 496 F. Supp. 2d 329, 330 (S.D.N.Y. 2007); *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 56-57 (S.D.N.Y. 2001).

Here, ABC focuses its transfer motion on a single fact: that related claims are pending in the proposed transferee forum. ABC is correct that the benefits of consolidating related cases in

5

a common forum are often substantial.  Such consolidation may advance the strong policy interests of achieving efficient pretrial discovery, avoiding duplicative litigation, and avoiding inconsistent results.  *See Robertson*, 2011 WL 5175597, at *4; *Kreinberg*, 496 F. Supp. 2d at 331; *Goggins v. Alliance Capital Mgmt., L.P.*, 279 F. Supp. 2d 228, 234-35 (S.D.N.Y. 2003); *Comprehensive Care Corp. v. Bank of Tokyo Trust Co.*, No. 90-cv-4387, 1991 WL 150220, at *4-5 (S.D.N.Y. July 30, 1991); *Durham Prods., Inc. v. Sterling Film Portfolio, Ltd.*, 537 F. Supp. 1241, 1243 (S.D.N.Y. 1982).  Indeed, as ABC notes, in many cases, the interests served by consolidating claims in the same forum have been held so substantial as to outweigh not only the plaintiff's choice of forum, but a forum selection clause favoring the transferor forum to which the moving defendant was also bound.  *See Capital Venture Int'l v. Network Commerce, Inc.*, No. 01-cv-4390, 2002 WL 417246, at *2 (S.D.N.Y. Mar. 15, 2002); *APA Excelsior III L.P. v. Premiere Techs., Inc.*, 49 F. Supp. 2d 664, 668, 671-72 (S.D.N.Y. 1999); *Falconwood Fin. Corp. v. Griffin*, 838 F. Supp. 836, 839-40 (S.D.N.Y. 1993); *Savin v. CSX Corp.*, 657 F. Supp. 1210, 1214-15 (S.D.N.Y. 1987).

The Court has given substantial thought to whether transfer to the Southern District of Illinois is merited here.  However, in light of the nature of this lawsuit and its relationship to the proceedings in that District, the Court concludes that transfer of this case to that forum would realize limited practical benefits.

First, of vital importance, the present action is a declaratory judgment action.  It will not entail extensive document production, depositions, or other discovery.  Quite the contrary, as the parties' memoranda of law relating to The Club's pending motion for summary judgment underscore; the issue presented is likely to be a straightforward one of application of law to fact. The Court will be called upon to apply a single paragraph in the Certificate of Entry (the

Misdirected Arrow clause quoted above) to the claims made against ABC in the *Perez-Mossetty* action, and to determine, as a matter of law, whether The Club has a duty to indemnify ABC with respect to those claims.

To be sure, the parties disagree about whether that determination can be made based on the pleadings in the *Perez-Mossetty* action, as The Club urges in its pending summary judgment motion, or whether it must be deferred until that case has concluded, as ABC counters. Either way, however, the Court's task in this case will be the relatively discrete one of applying a contractual provision to a fixed body of materials (whether the pleadings, summary judgment record, or trial evidence) from the *Perez-Mossetty* case. Unlike in the cases cited above (*e.g.*, *Robertson*, 2011 WL 5175597; *Goggins*, 279 F. Supp. 2d 228; *Comprehensive Care*, 1991 WL 150220; and *Durham*, 537 F. Supp. 1241), transfer of this case to another district will, therefore, not avoid duplicative discovery or litigation. *See, e.g., Leasing Serv. Corp. v. Graham*, 646 F. Supp. 1410, 1416 (S.D.N.Y. 1986) (enforcing forum selection clause and denying transfer where there was no "evidentiary showing that the cost of litigation in New York would be appreciably greater than in Texas").

Second, the proposed transferee court is not the Court in which the *Perez-Mossetty* action is pending. While some efficiencies would be realized by having the same judge who presided over the *Perez-Mossetty* action resolve the declaratory judgment claim here, the *Perez-Mossetty* action is pending not in the Southern District of Illinois, but in the Circuit Court of the Third Judicial Circuit, in Madison County, Illinois. As to the action that is pending in the Southern District of Illinois – American Tugs' limitation action – ABC does not convincingly explain why consolidating this action with that one would conserve more than modest resources. Although each action will call upon the presiding Court to address a legal issue relating to insurance

coverage, the issues raised by American Tugs in the limitations action are distinct from those raised by The Club here. Nor has ABC shown, concretely, why there is a realistic, rather than conjectural, possibility of logically inconsistent outcomes being reached in the two cases.

ABC does not argue that any of the other factors relevant to a transfer motion favor transfer. Quite the contrary, the Court's determination is that several factors clearly weigh against transfer.

First, plaintiff has chosen the Southern District of New York as the forum for this dispute, and that choice traditionally merits substantial weight in the transfer calculus. *See In re Warrick*, 70 F.3d 736, 741 (2d Cir. 1995); *Golconda Mining Corp. v. Herlands*, 365 F.2d 856, 857 (2d Cir. 1966); *Goggins*, 279 F. Supp. 2d at 232. Second, the forum selection clause, which binds plaintiff and defendant, favors this District, and may not be overridden lightly. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10-11 (1972). Third, this Court has already acquired familiarity with this case, by virtue of supervising proceedings to date, resolving ABC's initial round of motions to dismiss, and having reviewed (although not yet having decided) plaintiff's pending summary judgment motion. This Court is also more familiar with New York law, which governs this dispute pursuant to the choice of law clause (Rule 1.4.49) in The Club's rules. *See, e.g., Am. Steamship Owners Mut. Prot. and Indem. Ass'n., Inc. v. LaFarge N. Am., Inc.*, 474 F. Supp. 2d 474, 486 (S.D.N.Y. 2007). These factors outweigh, significantly, the modest benefits that might be achieved by transfer.

The Court has considered the other factors relevant to a transfer motion under § 1404(a), including the location of witnesses, the locus of operative facts, the convenience of parties, the location of physical evidence, and the availability of process. Given the limited nature of the

8

inquiry presented by this declaratory judgment action, the Court has concluded that none of these factors is consequential here.

## CONCLUSION

For the foregoing reasons, American Boat Company's motion to transfer venue to the Southern District of Illinois is denied.  The Clerk of Court is directed to terminate the motion pending at docket entry number 31.


SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge


Dated: April 20, 2012
        New York, New York